*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 5, 2015                    519602
_____

In the Matter of THEODORE J.
    PITZEL,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                        Respondent.
_____

Calendar Date:  September 17, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                        _____

        Bartlett, McDonough & Monaghan, LLP, White Plains (Warren
J. Roth of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                        _____

McCarthy, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for recalculation of his final average salary.

        Between 1989 and 2012, petitioner was employed as a police
officer by the City of New Rochelle Police Department
(hereinafter the police department).  In 2004, the City entered
into an agreement with the Police Association of the City of New
Rochelle — of which petitioner was an active member — which
provided that all members of the Police Association "shall be
eligible to work . . . [s]pecial-[d]uty [d]etails" which would be

paid "at the member's overtime rate of time and one half."  The agreement defined special-duty details as "voluntary paid police details where members work at certain locations and occasions in [the City] when a merchant/vendor contracts with and pays the City for such special police services."  After petitioner's retirement, the New York State and Local Retirement System informed him that the calculation of his final average salary would not include consideration of salary earned for special-duty details.  Following a hearing, a Hearing Officer concluded that the wages that petitioner earned for services performed on special-duty details were properly excluded from the calculation of his final average salary.  Respondent adopted the decision of the Hearing Officer and denied petitioner's application for recalculation of his final average salary.  Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination.  Supreme Court, finding that the petition raised an issue of substantial evidence, transferred the proceeding to this Court.

The uncontested evidence is substantially similar to that presented in Matter of Tamucci v DiNapoli (___ AD3d ___ [decided herewith]).  Private entities paid the police department so that police officers, like petitioner, would provide services to them.  Further, petitioner acknowledged that he volunteered to perform services on special-duty details, and the record is devoid of evidence establishing that the police department had ever, in fact, ordered petitioner or his fellow officers to perform special-duty details.  For the reasons discussed in Matter of Tamucci v DiNapoli (supra), substantial evidence supports respondent's determination that petitioner did not provide services to the police department while he was on special-duty details.  Petitioner's remaining contentions are without merit.

Peters, P.J., Garry and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court